UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GULF EXPRESS,<br>　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES, BY AND THROUGH<br>THE UNITED STATES DEPARTMENT<br>OF AGRICULTURE, FOOD AND<br>NUTRITION SERVICE, RETAILER<br>OPERATIONS DIVISION,<br>　　Defendant. | C.A. No. 1:23-cv-134-JJM-LDA |

## ORDER

## I.    BACKGROUND

Gulf Express ("Gulf") brought an action in the Rhode Island Superior Court seeking judicial review of an informal adjudication action by the United States Department of Agriculture ("USDA"), which permanently disqualified Gulf from participation in the Supplemental Nutrition Assistance Program ("SNAP") pursuant to 7 U.S.C. § 2023 and 7 CFR § 279. ECF No. 3. USDA removed the case to this Court pursuant to 28 U.S.C. § 1441(a), 1442(a)(1). ECF No. 1. Gulf then moved to remand to state court, contending that this Court lacks subject matter jurisdiction claiming that 7 U.S.C. § 2023 permits judicial review of agency decisions in state court. ECF No. 5.

## II.    STANDARD OF REVIEW

In considering a motion to remand, the Court assesses whether it "would have had original jurisdiction of the case had it been filed in [this] court." *BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of Am., IAMAW Dist. Lodge 4*, 132 F.3d 824, 832 (1st Cir. 1997) (internal quotation mark omitted) (quoting *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972)).  The defendant who removes to federal court has the burden of establishing that removal is proper.  *Danca v. Priv. Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999).

## III.    DISCUSSION

Gulf seeks judicial review of a final decision of USDA, a federal agency, permanently disqualifying it from participating in SNAP pursuant to 7 U.S.C. § 2023 and 7 CFR § 279.  ECF No. 3.  A plaintiff is permitted to seek judicial review of agency decisions in either state or federal court.  7 U.S.C. § 2023(a)(13).  The parties do not dispute that Gulf can bring a claim in state court.  ECF Nos. 5 at 3, 7 at 3.  Instead, they dispute whether Section 2023(a)(13)'s grant of concurrent state and federal jurisdiction abrogates USDA's right to remove the case to federal court.  ECF Nos. 5 at 4-7, 7 at 3-8.  The Court finds that it does not because the statute lacks any express language indicating a clear congressional intent to bar removal.

### A.    USDA Has Established that Removal Is Proper Under 28 U.S.C. §§ 1441(a) and 1442(a)(1).

USDA has met its initial burden by establishing that removal to federal court is proper under two avenues.  First, Section 2023(a)(13) explicitly grants federal courts concurrent original jurisdiction over this type of claim, allowing removal under

28 U.S.C. § 1441(a).  *See* 7 U.S.C. § 2023(13) (An aggrieved party "may obtain judicial review ... in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction").  Second, removal is allowed because the United States, by and through the Department of Agriculture, is named as a defendant.  28 U.S.C. § 1442(a)(1).

### 1.    Removal Under 28 U.S.C. § 1441(a)

Gulf brought this claim under Section 2023(a)(13), which expressly grants federal courts original jurisdiction.  *See* 7 U.S.C. § 2023(13).  Section 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Whether a district court has original jurisdiction over a civil action is typically decided by whether a federal question "necessarily appears" on the face of a plaintiff's complaint.  *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-12 (1983) (internal quotation marks omitted) (citation omitted).  While statutes are to be strictly construed against removal, Gulf brought its complaint under Section 2023(a)(13), which unambiguously confers federal jurisdiction.  *See Rhode Island v. Shell Oil Prods. Co., L.L.C.*, 35 F.4th 44, 52 (1st Cir. 2022) (citations omitted) (stating that the Court construes ambiguous "removal

3

statutes *strictly* and *against* removal"). Given the absence of ambiguity about federal jurisdiction in Section 2023, removal under Section 1441(a) was proper.

### 2. Removal Under § 1442(a)(1)

Section 1442(a)(1) provides a right of removal in cases that are brought against, or directed to, "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1). The United States and USDA are the named defendants in this case. As USDA notes, the United States Supreme Court has held that the right of removal under Section 1442(a)(1) is "absolute" and "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (internal quotation marks omitted) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). While the United States Court of Appeals for the First Circuit has held that Section 1442(a)(1) does not allow removal when the cause of action is a state law, the cause of action here is a federal law that confers concurrent jurisdiction. *Am. Policyholders Ins. Co. v. Nyacol Prods.*, 989 F.2d 1256, 1257 (1st Cir. 1993). Under the plain language of Section 1441(a) this case is removable.

### B. Section 2023(a)(13)'s Grant of Concurrent State and Federal Jurisdiction Does Not Bar USDA's Right to Remove a Case to Federal Court.

Gulf's interpretation of Section 2023(a)(13) as a bar on removal relies entirely on semantic canons and contradicts most judicial authority. Generally, when there is concurrent jurisdiction, the defendant's removal right should be respected unless

Congress has included an express provision to the contrary. 14A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3729, at 495 (2d ed. 1985). The plain text of Section 2023(a)(13) does not include an express provision to the contrary, and Gulf has cited no authority supporting a departure from this general rule.

### 1. The Right of Removal Generally Survives a Grant of Congressional Jurisdiction.

The First Circuit has joined several other circuits in finding that legislative grants of concurrent jurisdiction generally do not imply that removal is prohibited. *See e.g., Cosme Nieves v. Deshler*, 786 F.2d 445, 451 (1st Cir. 1986); *Williams v. Ragnone*, 147 F.3d 700, 703 (8th Cir. 1998); *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264 (11th Cir. 1998); *Dorsey v. Detroit*, 858 F.2d 338, 341 (6th Cir. 1988). While these cases involved different statutory language, the Sixth Circuit has refuted Gulf's specific arguments about Section 2023(a)(13). *Warren v. United States*, 932 F.2d 582, 585 (6th Cir. 1991) (citations omitted) (concluding that a Section 2023(a)(13) civil action is properly removable under Section 1441(a) because "a congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited").

While Gulf advocates for an implied bar on removal, any legislative bar on removal must be done in plain, express language. *See Cosme Nieves*, 786 F.2d at 451 ("Congress has made it plain that the right of removal is to stand absent an express provision to the contrary. . . ."); *Fed. Deposit Ins. Corp. v. Otero*, 598 F.2d 627, 630 (1st Cir. 1979) (citations omitted) ("[W]here Congress has chosen to create exceptions to the general rule of removability under § 1441, it has done so in language much

clearer than that used here."). While Gulf contends that other courts have interpreted ambiguous statutory language as implying a bar on removal, the First Circuit has expressly rejected this view. *Cosme Nieves*, 786 F.2d at 451.

### 2. Allowing Removal to Federal Court Would Not Produce an "Absurd" Result.

Gulf argues that removal is improper because Section 2023(a)(13) shows clear congressional intent to allow parties to file in state court and allowing subsequent removal would lead to a "circular" and "absurd" result. ECF No. 5 at 2-3. While the absurdity doctrine is a canon that allows judges to avoid "technical or ministerial mistake[s]", it does not "license courts to improve statutes (or rules) substantively, so that their outcomes accord more closely with what we might think is the preferred result." *Yellen v. Confederated Tribes of the Chehalis Rsrv.*, 141 S. Ct. 2434, 2460 n.3 (2021) (Gorsuch, J., dissenting) (internal quotation marks omitted) (ellipsis omitted) (quoting *Jaskolski v. Daniels*, 427 F.3d 456, 461 (7th Cir. 2005) (Easterbrook, J.)). Gulf calls on the absurdity doctrine not to correct a technical mistake, but to push for a substantive change. The right of the plaintiff to file in state court and the right of the defendant to remove to federal court represent two conceptually distinct steps. While it may be circular in effect, it is not a technical mistake or an unthinkable absurdity for these two steps to coexist.

## IV.  CONCLUSION

USDA has shown that removal is proper on two distinct grounds. Both 28 U.S.C. § 1442(a)(1) and § 1441(a) provide independent justification for removal. While Plaintiff may be correct that the practical result of concurrent jurisdiction's

coexistence with removal is circular, Congress must use plain language if it wishes to bar removal.  Without an express command from Congress, it is not the place of the Court to abrogate the Defendant's right to remove this case to federal court. Accordingly, the Court DENIES Gulf's Motion to Remand.  ECF No. 5

IT IS SO ORDERED.

_____

John J. McConnell, Jr.
Chief Judge
United States District Court

June 12, 2023

7